United States District Court
Southern District of Texas
**ENTERED**
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELMO DANIEL ALVARADO BARROSO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-09782 |
| | § | |
| RAYMOND THOMPSON, | § | |
| | § | |
| Respondent. | § | |
| | § | |

**ORDER OF DISMISSAL**

The petitioner, Delmo Daniel Alvarado Barroso, is a detainee in the custody of United States Immigrations and Customs Enforcement ("ICE"). Representing himself, he has filed a petition for a writ of habeas corpus.

## I. Background

The petitioner is a citizen of Venezuela. He was paroled after entering the United States in 2021. He was taken into ICE custody on June 5, 2026, following a traffic stop for an expired registration sticker. An Immigration Judge entered a removal order on August 10, 2026, which the petitioner has appealed.

## II. Standard of Review

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief.

## III. Analysis

Title 8, section 1231(a)(2) of the United States Code provides that the government "shall detain" an alien who has a Final Removal Order during the 90-day removal period following issuance of the order. Moreover, the Supreme Court has held that detention of a removable alien is presumptively reasonable and consistent with due process for six months after issuance of a Final Removal Order if removal is likely in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678 (2001). The petitioner has been in detention for approximately three months since the issuance of his removal order, and he makes no showing that his removal is not reasonably foreseeable. He therefore fails to plead facts showing that he is entitled to relief.

---

[1] A district court may apply any or all the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

## IV. **Order**

For the foregoing reasons, it is ORDERED that the petition (Doc. # 1) is DISMISSED WITHOUT PREJUDICE to the petitioner refiling if the duration of his detention exceeds constitutional limits or other changed circumstances render his detention unlawful.

It is so ORDERED.

SIGNED on November 9, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge